IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20582
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ M. RAMIRES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-93-CR-235-3
- - - - - - - - - -
February 10, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

José Ramires appeals the district court's denial of his petition for writ of *coram nobis* as a successive motion under 28 U.S.C. § 2255, arguing that the filing restrictions on successive motions under the Antiterrorism and Effective Death Penalty Act (AEDPA) have rendered the statutory remedy "inadequate or unavailable." See Correa-Negron v. United States, 473 F.2d 684,

_____

[*] This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

685 (5th Cir. 1973).  Ramires remains in federal custody, and the

remedy afforded by § 2255 has not been rendered inadequate simply because he must receive certification from an appellate court under strict standards.  The district court properly dismissed this petition because Ramires failed to receive permission from this court to file a successive motion under § 2255.

Ramires also attempts to raise for the first time a challenge to the plea agreements made between the Government and his codefendants under United States v. Singleton, 144 F.3d 1343, *reh'g granted en banc and opinion vacated*, 144 F.3d 1343, 1361-62 (10th Cir. 1998).  This issue was not presented to the district court and is not addressed.  See, e.g., United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998).

AFFIRMED.